**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| SAFFIELD, HEATHER | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No: 1:24-cv-2527 |
| CLARKE, ANTHONY, and | | |
| IRISH RESTAURANT COMPANY (Lynch's Food and Beverage), | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Plaintiff, by and through her counsel, hereby files this Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), and the Maryland Fair Employment Practices Act, Md. Code, State Gov't ("SG") § 20-601, et seq..

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,because this is a civil action arising under Title VII.

## CONDITIONS PRECEDENT

1. On or about November 2023, Ms. Saffield timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), listed as EEOC Charge No. 531-2023-01174.
2. On or about May 29, 2024, the EEOC issued Ms. Saffield a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Ms. Saffield has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

1

3. Mr. Saffield resides in Glen Burnie, Maryland. Plaintiff is a citizen of Maryland.

4. Mr. Saffield was an employee, as defined by Title VII, and Md. Code, Lab. & Empl. § 11-301(b). Ms. Saffield worked for the Irish Restaurant Company up until 2022.

5. Defendants Anthony Clarke and Irish Restaurant Company (the "Company") is an employer as defined by Title VII. The Company is an employer within the meaning of 42 U.S.C. § 2000e(b).

## FACTS

6. Plaintiff is a 55 year old, white female.

7. Plaintiff had been employed by the Irish Restaurant Company since 2016.

8. Plaintiff has an exemplary record, with never a poor performance review and worked for the Company for over 6 years ending her tenure as the General Manager.

9. Plaintiff never had a complaint against her nor was accused of or written up for any inappropriate behavior.

10. On or about two years ago Ms. Saffield witnessed several inappropriate behaviors at the Company, which were reported to the owner of the Company. Including an incident of unlawful groping of Plaintiff by a customer.

11. Defendant offered no support or investigations into the allegations.

12. Plaintiff started suffering from panic attacks and anxiety.

13. Plaintiff was medically treated and provided documentation to Defendant of her condition.

14. Plaintiff asked for time off and was met with hostility from Defendant.

15. Plaintiff was not offered any reasonable accommodations despite notice to Defendant.

16. Plaintiff was told she was no longer effective in her position as a result of her condition and forced to resign.

## COUNT ONE

### Discrimination under the American with Disabilities Act

17. Ms. Saffield repeats and reiterated the paragraphs 6-13 herein,

18. As a result of the ongoing inappropriate conduct at the Company, Plaintiff was put on an ambulatory psychiatric referral in April 2022 and told to not work until at least May 4, 2022

19. Defendant was aware of the referral, the medical conditions of Plaintiff and the root cause of the medical conditions stemming from workplace sexual harassment.

20. While on sick leave as required by Plaintiffs physician, Plaintiff was asked by Defendant to attend a budget meeting, wherein she was informed that she was no longer effective in her role and they would accept her resignation.

21. Plaintiff did not voluntarily resign.

22. Plaintiff had before that meeting, never received a poor performance remark, rating, warning or reprimand.

23. Plaintiff was never accused or addressed as having inappropriate behavior or claims of bullying at the Company over her 6 years of employment.

24. Plaintiff in 2019 won a leadership award that referenced exemplary remarks from the Company.

25. The Company's allegations of Plaintiffs misconduct at work are unfounded.

26. Plaintiff was not afforded time to care for her mental health but was instead terminated April 26, 2022.

27. Plaintiffs allegations to the Defendant about sexual harassment and other inappropriate behaviors of staff were never investigated.

28. There is a clear nexis between Plaintiffs disability and termination.

**COUNT TWO**

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**

**(42 U.S.C. §§ 2000e et al.)**

29. Ms. Saffield repeats and reiterated the paragraphs 15-28 herein,

30. Plaintiff informed Defendant about the misconduct of employees and of an employer that was a personal friend of Defendant, complaints started on or about November 2021.

31. Defendant refused to believe Plaintiff and stated the alleged perpetrator, who was a friend to Defendant, would not do that.

32. Plaintiff left on sick leave to her disability.

33. While on sick leave Defendant asked Plaintiff to resign.

34. There is a clear nexus between Plaintiff coming forward with the allegations and her unlawful termination.

35. To add insult after Plaintiffs forced resignation the Defendant refused to comply in unemployment hearings so that she may receive benefits.

## Conclusion

Plaintiff has taken every measure available to resolve this complaint, however, Defendant did not want to hear Plaintiffs complaints and instead insisted she was lying. Plaintiff began having severe medical concerns that were disregarded and instead Plaintiff was informed she was no longer effective at her position, despite medical documentation. Plaintiff was subsequently unlawfully terminated, this is a clear violation of the American with Disabilities Act and Retaliation.

Plaintiff hereby avails herself to this court for a fair investigation into the allegations. The evidence shows Plaintiff was discriminated and retaliated against. There is a more than causal relationship between the events. Plaintiff has lost a career and suffers financial hardship as a result. Further, Plaintiff has suffered Compensatory Damages as a result of emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff for her lost opportunities and career trajectory;

B. Award to Plaintiff all costs and reasonable attorneys' fees incurred in

connection with this action;

C. Award to Plaintiff compensatory damages; and,

D. Grant Plaintiff such additional or alternative relief as the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 24 U.S.C. Section 1981a.

I certify that I am admitted to practice in this Court.

Dated: 8/29/2024                                    Respectfully Submitted,

 /s/ Kimberly Turco
Kimberly M. Turco, Fed. Bar No. 30566
P.O. Box #6365
Annapolis, MD 21401
(410) 279-1477
kimturco@turcolegalservices.com
*Counsel for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th Day of August 2024, the foregoing Complaint was made notice to:

Renee Brown and Kara Parker, Esq.
Franklin & Prokopik, P.C.
2 N. Charles Street, Suite 600
Baltimore, MD 21201
*Attorney for the Defendant*

Anthony M. Clarke
Irish Restaurant Company
580 W. Central Ave
Davidsonville, MD 21035
*Defendant*